**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHELSI POLLARD,** | ) | |
| | ) | CIVIL ACTION NO. 1:25cv01164-JDB-jay |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Judge J. Daniel Breen |
| | ) | |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY** | ) | Chief Magistrate Judge Jon A. York |
| | ) | |
| Defendant. | ) | |

# JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY SCHEDULE

Now come CHELSI POLLARD ("Plaintiff") and Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ("Lincoln"), and submit the following pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.2:

**1. Description of Case:**

**(a) Describe briefly the nature of this action:**

Plaintiff brought this action to recover long-term disability ("LTD") benefits under the WebPT, Inc. Long-Term Disability Plan (the "LTD Plan"), an employee welfare benefit plan sponsored and maintained by WebPT, Inc., and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff also seeks attorney's fees and costs under 29 U.S.C. § 1132(g). Lincoln denies Plaintiff's claims, denies that Plaintiff is entitled to any of the relief requested, and requests an award of the costs and fees incurred in

defending this action. The parties agree that the applicable standard of review in this case is arbitrary and capricious; nonetheless, Plaintiff submits that it is plain that Lincoln has a financial conflict of interest, since it is both the ultimate decision-maker (claims administrator or claims fiduciary) but also the payer/funding source for any benefits. Accordingly, Plaintiff contends that a showing of this bias will be relevant to the Court's consideration and application of the standard of review.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence**.

Plaintiff's Summary:

Plaintiff was an employee of WebPT, Inc., and a participant in the LTD Plan. Benefits under the LTD Plan are funded by Group Policy Number GD/GF3-890-LF1030-01 ("Policy"), issued by Lincoln to WebPT, Inc. Plaintiff ceased work due to a disability on April 27, 2023. Lincoln paid LTD benefits to Plaintiff from July 28, 2023, through December 4, 2024, and thereafter, determined that Plaintiff was not "totally disabled" as defined by the Policy and the LTD Plan, and no further benefits were payable. This lawsuit involves the denial of additional LTD benefits.

Defendant's Summary:

Plaintiff was an employee of WebPT, Inc. and a participant in the LTD Plan. Plaintiff ceased work on April 27, 2023, claiming disability. Some benefits were paid and then those payments were terminated. Plaintiff submitted an administrative appeal. Upon completing a full and fair review, Lincoln provided Plaintiff with

written notice that the adverse benefits determination was upheld. Plaintiff then brought suit seeking additional LTD benefits. Lincoln denies that Plaintiff is entitled to any additional LTD benefits.

**(c) The legal issues to be tried are as follows:**

(1) Whether Lincoln's adverse benefits determination should be upheld or reversed; and

(2) Whether either party may recover attorney's fees and costs.

**(d) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases: None.

(2) Previously Adjudicated Related Cases: None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):** Not applicable.

_______(1) Unusually large number of parties

_______(2) Unusually large number of claims or defenses

_______(3) Factual issues are exceptionally complex

_______(4) Greater than normal volume of evidence

_______(5) Extended discovery period is needed

_______(6) Problems locating or preserving evidence

_______(7) Pending parallel investigations or action by government

_______(8) Multiple use of experts

_______(9) Need for discovery outside United States boundaries

_______(10) Existence of highly technical issues and proof

The parties agree that this matter is not complex, and is a standard ERISA governed claim for benefits. The parties agree further that this matter can be disposed of on the parties' respective dispositive motions.

**3. Counsel**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

For Plaintiff:

K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 019211
Richard A. House, BPR No. 020135
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
richard@codyallison.com

For Defendant:

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
Email: iwana@rademaekerslaw.com

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

( ) Yes ( X ) No

If "yes," please attach a statement not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to this Action:**

(a) The following persons are necessary parties who have not been joined: None.

(b) The following persons are improperly joined as parties: None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

List separately any amendments to the pleadings which the parties anticipate will be necessary: None.

**7. Filing Times for Motions**

(a) *Motions to Compel*: Unless otherwise ordered by the Court, a motion to compel must be filed prior to the close of discovery or, if longer, within 14 days after service of the disclosure or discovery response upon which objection is based.

(b) *Summary Judgment Motions*: Plaintiff has filed an action challenging a denial of disability insurance benefits arising under an insurance policy issued to Plaintiff's employer by Defendant. Plaintiff seeks all available relief. Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1132(a. Defendant denies Plaintiff is entitled to any relief. A jury trial is not permitted in this civil action under ERISA. Further, trials are uncommon in ERISA benefit claims. Rather, the Court generally reviews only the evidence before the claims decision-maker at the time the final decision to deny benefits was made. This case will likely be decided on dispositive motions filed by the parties. Nonetheless, although Plaintiff agrees that a trial will probably not be necessary, she believes that there may be disputed factual issues that could necessitate a bench trial on those issues if this case is not resolved by dispositive motions.

The Parties agree that the more appropriate vehicle for deciding an ERISA benefits case is by a Rule 52 Motion for Judgment on the Administrative Record.

Accordingly, the parties shall file their Cross Motions for Judgment on the Administrative Record by **July 22, 2026**.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties agree that this case is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1) pursuant to Fed. R. Civ. P. 26(a)(1)(B)(i) because it is "an action for review on an administrative record." The parties have agreed to waive the initial disclosure requirements, and Lincoln has agreed to produce a bates-labeled copy of the relevant LTD administrative record in lieu of its initial disclosures. Lincoln shall produce the administrative record to the Plaintiff on or before **November 3, 2025**.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a conference at this time.

**10. Discovery Period**

Please state below the subjects on which discovery may be needed:

Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made.

Plaintiff contends that limited discovery may be permitted after an initial showing of the existence of potential conflict of interest/bias or violation of due process on the part of the decision-maker. Moreover, there is the possibility that the parties will disagree as to what constitutes the Administrative Record.

Defendant agrees that limited discovery may be appropriate, but reserves all rights with regard to objections to discovery proposed by Plaintiff based on scope or other issues.

Thus, the parties agree to the following plan:

a. Should Plaintiff have any objection to the content of the Administrative Record, such written objection shall be filed on or before **December 3, 2025**.

b. To eliminate the need to redact personal identifiers or confidential/private health information from numerous documents, Defendant requests leave to file the Administrative Record *under seal*. Plaintiff agrees with such request. If the Defendant is permitted to file the Administrative Record under seal, Defendant need not file a separate motion to seal and may simply state in the notice of filing that the AR is filed pursuant to the provisions of a Court order.

Further, Defendant shall also provide Plaintiff with an un-redacted copy of the Administrative Record filed with the Court.

In all events, Defendant shall file the Administrative Record [Under Seal] with the Court by **December 31, 2025**. If, on this date, objections to the content of the AR are pending, the AR shall be filed within fourteen (14) days of entry of an order resolving the objections.

c. Should Plaintiff seek to take discovery, Plaintiff shall serve or notice such discovery on or before **January 21, 2026**. In the event Plaintiff serves discovery, Defendant shall (i) respond/object to the discovery or (ii) notify Plaintiff in writing that all or a portion of the proposed discovery is outside the bounds of discovery permitted in a claim seeking recovery of an ERISA benefit within the timelines described in the Federal Rules of Civil Procedure. In any event, limited written discovery, if conducted, shall be completed by no later than **May 27, 2026**.

d. No discovery dispute may be brought to the Court for resolution before lead counsel for all parties have conferred in real time and made a good faith effort to resolve any dispute(s).

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days

before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than **March 24, 2026**.

e. Nothing in this proposed discovery plan shall be considered as a concession from or waiver by Defendant that discovery is allowable in an ERISA benefits claim.

**11. Discovery Limitations:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

See section 10, *supra.*

Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:

**a.** ESI. Is either party seeking the discovery of ESI in this case? X Yes □ No

If disputed, identify the nature of the dispute: Defendant contends that because this is an ERISA governed claim for benefits, discovery should be limited to the contents of the administrative record, which Defendant will produce to Plaintiff by November 3, 2025. Beyond this, the parties agree that the only ESI that Defendant should be expected to produce are .pdf versions of emails and the like that are otherwise part of the administrative record.

**b.** Metadata: Will any metadata be relevant in this case? □ Yes X No

If yes, with respect to what ESI ____________________________________

If disputed, identify the nature of the dispute ____________________________

**c.** Format. Have the parties agreed on the format(s) for production of ESI? X Yes (.pdf) □ No

If no, what disputes remain outstanding ________________________________

**d.** Search terms. Have the parties agreed on any protocol for review of electronic data? X Yes □ No

If yes, please describe: The parties agree that the only ESI that Defendant should be expected to produce are .pdf versions of emails and the like that are otherwise part of the administrative record.

If no, please identify what issues remain outstanding:

**e.** Accessibility. Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)? X Yes □ No

**f.** Preservation. Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe: none.

**g.** Other. Identify all outstanding issues or disputes concerning ESI: none.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13. Settlement Potential:**

(a) Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **October 11, 16 & 28, 2025**, and that they have begun private settlement discussions among counsel.

(b) All parties were promptly informed of all offers of settlement following discussion by all counsel, it appears that there is now:

( X) A possibility of settlement before discovery.

( ) A possibility of settlement after discovery.[1]

( ) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

(c) Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is undetermined at this time.

(d) The following specific problems have created a hindrance to settlement of this case:

None.

**14. Trial by Magistrate Judge:**

(a) The parties ( ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this day of _______________, 2025.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

This 29th day of November 2025.

[1] Defendant states that because this is an ERISA governed claim for benefits, discovery should be limited to the contents of the Administrative Record, which Defendant will produce to Plaintiff by November 3, 2025. Plaintiff's position on same is stated in section 10, *supra*.

| | |
|---|---|
| *<u>/s/ Samuel D. Payne</u>*<br>K. Cody Allison, BPR No. 020623<br>Samuel D. Payne, BPR No. 019211<br>Richard A. House, BPR No. 020135<br>Cavalier Building<br>95 White Bridge Road, Ste. #250<br>Nashville, TN 37205<br>Telephone: (615) 234-6000<br>Fax: (615) 727-0175<br>cody@codyallison.com<br>sam@codyallison.com<br>richard@codyallison.com | *<u>/s/ Iwana Rademaekers(*w/ permiss. sdp)</u>*<br>Iwana Rademaekers<br>Law Offices of Iwana Rademaekers, P.C.<br>17304 Preston Road, Suite 800<br>Dallas, Texas 75252<br>Main: (214) 579-9319<br>Fax: (469) 444-6456<br>Direct: (214) 564-9542<br>iwana@rademaekerslaw.com |