**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **CHELSI POLLARD,** | ) | |
| | ) | CIVIL ACTION NO. 1:25cv01164-JDB-jay |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge J. Daniel Breen |
| | ) | |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY** | ) | Magistrate Judge Jon A. York |
| | ) | |
| Defendant. | ) | |

**STANDARD TRACK SCHEDULING ORDER**

Pursuant to Local Rule 16.2, a scheduling conference was held on November 12, 2025. Present were Samuel D. Payne counsel for Plaintiff, and Iwana Rademaekers, counsel for Defendant. Prior to the scheduling conference, on October 11, 16 & 28, 2025, the parties conferred in compliance with Federal Rule of Civil Procedure 26(f). The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: Not applicable in this case. The Defendant shall produce the Administrative Record to the Plaintiff on or before November 19, 2025.

**MOTIONS TO JOIN PARTIES**: Not applicable in this case.

**MOTIONS TO AMEND PLEADINGS:** Not applicable in this case.

**ALTERNATIVE DISPUTE RESOLUTION:**

**(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** February 4, 2026

**(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)**:

**Mediator's Name: Jack L. Townsend, Sr. | Attorney at Law (Tampa, FL)**
**Mediation Date: December 17, 2025 at Noon CST**

**COMPLETING ALL DISCOVERY**: All discovery shall be completed by no later than May 27, 2026.

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**: The parties agree that no expert-witness disclosures are necessary in this case.

**FILING DISPOSITIVE MOTIONS**: Trials are uncommon in ERISA benefit claims. Rather, the Court generally reviews only the evidence before the claims decision-maker at the time the final decision to deny benefits was made. Accordingly, this case will likely be decided on the administrative record and cross motions for summary judgement to be filed by the parties, pursuant to the following deadlines:

**DEFENDANT FILES ADMINISTRATIVE RECORD UNDER SEAL:** December 31, 2025

**CROSS MOTIONS FOR JUDGMENT:** July 22, 2026 (up to 25 pages);

**RESPONSES:** August 21, 2026 (up to 20 pages);

**REPLIES:** September 4, 2026 (up to 7 pages).

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have agreed that, other than production of the administrative record, e-discovery is not appropriate in this case and therefore they will not seek e-discovery.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. A jury trial is not permitted in this civil action under ERISA. Further, trials are uncommon in ERISA benefit claims. Rather, the Court generally reviews only the evidence before the claims decision-maker at the time the final decision to deny benefits was made. Accordingly, this case will likely be decided on dispositive motions filed by the parties. In the unlikely event that all issues are not fully disposed of based on the parties' dispositive motions, the parties anticipate the trial will last approximately 1-2 days.

The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This Order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE